UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Joel J. Hilgers, | Civil No. 13-56 (DWF/JJK) |
| Plaintiff, | |
| v. | MEMORANDUM OPINION AND ORDER |
| Argent Mortgage Company, LLC; Wells Fargo Bank, N.A., as Trustee Assignee for Mortgagee; John or Jane Does 1-100, unknown investors; John Roes 1-100, being undisclosed mortgage aggregators (wholesalers), mortgage originators, loan seller, Trustee of Pooled Assets, Trustee for holders of certificates of Collateralized Mortgage Obligations, | |
| Defendants. | |

Joel J. Hilgers, *Pro Se*, Plaintiff.

David R. Mortensen, Esq., Wilford, Geske & Cook, PA, counsel for Defendant Wells Fargo Bank, N.A.

## INTRODUCTION

This matter is before the Court on a Motion for Temporary Restraining Order (Doc. No. 4) and a Motion to Cancel Sheriff's Sale on Property Dated January 31, 2013 (Doc. No. 8), both brought by Plaintiff Joel J. Hilgers ("Plaintiff"). Wells Fargo, N.A., as Trustee Assignee for Mortgagee ("Wells Fargo") opposes both motions. For the reasons set forth below, the Court denies Plaintiff's motions.

**BACKGROUND**

On or about October 26, 2004, Plaintiff took out a $499,000 loan (the "Loan") evidenced by an Adjustable Rate Note (Doc. No. 14 ("Boss Decl.") ¶ 6, Ex. 2; Doc. No. 1, Compl. ¶ 13), which secured real property in Cologne, Minnesota (the "Property") by way of a Mortgage. (Compl. ¶¶ 8-9.) The Mortgage was recorded in the Office of the County Recorder of Carver County, Minnesota on November 8, 2004. (*Id.* ¶ 14; Doc. No. 15, Ex. 1.)[1] At the time of the Loan, Plaintiff was provided the following: (1) Truth-in-Lending Disclosure Statement (Boss Decl. ¶ 8, Ex. 4); (2) Notice of Right to Cancel (*id.* ¶ 9, Ex. 5); (3) Good Faith Estimate and Settlement Statement (*id.* ¶ 10, Ex. 6); and RESPA Servicing Disclosure (*id.* ¶ 11, Ex. 7). Plaintiff defaulted on his Mortgage, and in May 2009, Plaintiff was provided with a Loan Modification Agreement. (*Id.* ¶ 7, Ex. 3.) Plaintiff has not made a payment on his Mortgage since August 2009. (*Id.* ¶ 12, Ex. 8.)

Plaintiff filed this action on January 7, 2012, asserting the following causes of action: (1) violations of the Federal Truth In Lending Act ("TILA"); (2) "Defective-Void Mortgage and Void Promissory Note Contracts"; (3) "Void Non Judicial Foreclosure--Defects in Foreclosure Process"; (4) Injunctive Relief; (5) Intentional Infliction of Emotional Distress; and (6) Quiet Title. (*See generally* Compl.) Plaintiff

---

[1] The Court grants Wells Fargo's request for judicial notice of the October 26, 2004 Mortgage recorded in the Official Records of Office of the County Recorder, Carver County, Minnesota, on November 8, 2004 as Document No. A400810.

now moves for a temporary restraining order cancelling the Sheriff's Sale scheduled for January 31, 2013. Wells Fargo opposes Plaintiff's request for injunctive relief.

**DISCUSSION**

Plaintiff seeks a temporary restraining order cancelling the Sheriff's Sale of the Property scheduled to occur on January 31, 2013. (Doc. No. 9, Ex. 1.) The Sheriff's Sale was originally scheduled to occur on January 10, 2013, but was postponed until the presently scheduled January 31, 2013 sale date. (*Id.*) Wells Fargo opposes the motion. Wells Fargo claims that it has not been validly served with the pleadings and was not properly notified of the pending motion for a temporary restraining order. Without acknowledging proper service, Wells Fargo submits that Plaintiff has failed to meet his burden to establish that he is entitled to injunctive relief.

To determine whether to grant injunctive relief, a court considers: (1) the likelihood of success on the merits; (2) the threat of irreparable harm absent the restraining order; (3) the balance between this harm and the harm experienced by other parties if the injunction issues; and (4) the public interest. *Dataphase Sys., Inc. v. C L Sys., Inc.*, 640 F.2d 109, 113 (8th Cir. 1981). Injunctive relief is an extraordinary remedy and the burden of establishing the propriety of an injunction is on the party requesting the injunctive relief. *Roudachevski v. All-Am. Care Ctrs., Inc.*, 648 F.3d 701, 705 (8th Cir. 2011).

Plaintiff offers no evidence or legal authority in support of his motion for a temporary restraining order. Instead, Plaintiff simply states: "Cancellation of Sheriff's Sale requested until rulings has [sic] been declared on case 13-CV-56." (Doc. No. 9

3

at 1.) Plaintiff's Complaint and his declaration in support appear to be based on conclusory allegations that: (1) Plaintiff did not receive the requisite disclosures under TILA; (2) Plaintiff's loan was improperly securitized; (3) Plaintiff is entitled to original documents; and (4) certain, unspecified "false statements" were made. (*See generally* Doc. No. 3.)

The Court concludes that Plaintiff has failed to demonstrate that he is likely to succeed on the merits of his claims. First, Plaintiff's claim that he was not provided the requisite disclosures under TILA is belied by the evidence submitted by Wells Fargo, showing that Plaintiff did, indeed, receive and sign TILA disclosures. (Boss Decl. ¶¶ 8-11, Exs. 4-7.)[2] Second, to the extent that Plaintiff asserts that he is entitled to original documents, the Court notes that the "show-me-the-note" theory has been roundly rejected. *See, e.g.*, *Jackson v. Mortg. Elec. Reg. Sys., Inc.*, 770 N.W.2d 487, 500–01 (Minn. 2009); *Stein v. Chase Home Finance, LLC,* 662 F.3d 976, 980 (8th Cir. 2011); *Butler v. Bank of Am.,* Civil No. 11–461, 2011 WL 2728321, at *6 (D. Minn. July 13, 2011), *aff'd* 690 F.3d 959 (8th Cir. 2012). Finally, Plaintiff's challenge to the

---

[2] The Court also notes that Plaintiff's TILA claims appear to be time-barred under 15 U.S.C. §§ 1635 and 1640; and to the extent Plaintiff asserts a claim for rescission under TILA, Plaintiff's claim also appears to lack merit because Plaintiff has not alleged the present ability to pay back the proceeds loaned to him. *See, e.g.*, *Franz v. BAC Home Loans Servicing, LP,* Civil No. 10–2025, 2011 WL 846835, at *3 (D. Minn. March 8, 2011) (noting that courts have dismissed rescission claims under TILA based on a plaintiff's failure to allege an ability to tender loan proceeds); *Hintz v. JP Morgan Chase Bank,* Civil No. 10–119, 2010 WL 4220486, at *4 (D. Minn. Oct. 20, 2010), *aff'd* 2011 WL 220661 (8th Cir. 2011) (rescission under TILA is conditioned on repayment of loan proceeds).

4

securitization of his loan appears to lack merit and does not support the issuance of a temporary restraining order.

The Court also concludes that Plaintiff has failed to demonstrate that the remaining *Dataphase* factors weigh in favor of issuing a temporary restraining order. Indeed, Plaintiff has not made a showing at all. Considering the apparent lack of merit to Plaintiff's present motions, the Court reserves the right to order Plaintiff to pay attorney fees and costs.

Having reviewed the *Dataphase* factors, the Court concludes that a temporary restraining order is not warranted.

## CONCLUSION

Based on the files, records, and proceedings herein, and for the reasons set forth above, **IT IS ORDERED** that:

1. Plaintiff's Motion for a Temporary Restraining Order (Doc. No. [4]) is **DENIED**; and

2. Plaintiff's Motion to Cancel Sheriff's Sale on Property Dated January 31, 2013 (Doc. No. [8]) is **DENIED**.


Dated:  January 30, 2013            s/Donovan W. Frank
                                    DONOVAN W. FRANK
                                    United States District Judge