UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Joel J. Hilgers,                                            Civil No. 13-56 (DWF/JJK)

         Plaintiff,

v.                                                          **MEMORANDUM
                                                            OPINION AND ORDER**

Argent Mortgage Company, LLC;
Wells Fargo Bank, N.A., as Trustee
Assignee for Mortgagee; John or Jane
Does 1-100, unknown investors;
John Roes 1-100, being undisclosed mortgage
aggregators (wholesalers), mortgage
originators, loan seller, Trustee of Pooled
Assets, Trustee for holders of certificates
of Collateralized Mortgage Obligations,

         Defendants.

---

Joel J. Hilgers, *Pro Se*, Plaintiff.

David R. Mortensen, Esq., Wilford, Geske & Cook, PA, counsel for Defendant Wells Fargo Bank, N.A.

---

## INTRODUCTION

This matter is before the Court on a Motion to Dismiss brought by Wells Fargo Bank, N.A., as Trustee Assignee for Mortgagee ("Wells Fargo" or "Defendant"). (Doc. No. 19.)[1] For the reasons set forth below, the Court grants the motion.

---

[1] It appears that Wells Fargo is the only defendant with any interest in the property.

## BACKGROUND

On or about October 26, 2004, Joel J. Hilgers ("Plaintiff") took out a $499,000 loan (the "Loan") evidenced by an Adjustable Rate Note (Doc. No. 14, Boss Decl., ¶ 6, Ex. 2; Doc. No. 1, Compl. ¶ 13), which secured real property in Cologne, Minnesota by way of a Mortgage. (Compl. ¶¶ 8-9.) The Mortgage was recorded in the Office of the County Recorder of Carver County, Minnesota, on November 8, 2004. (*Id.* ¶ 14; Doc. 24, Ex. 1.)[2] At the time of the Loan, Plaintiff was provided the following: (1) Truth-in-Lending Disclosure Statement (Boss Decl. ¶ 8, Ex. 4); (2) Notice of Right to Cancel (*id.* ¶ 9, Ex. 5); (3) Good Faith Estimate and Settlement Statement (*id.* ¶ 10, Ex. 6); and RESPA Servicing Disclosure (*id.* ¶ 11, Ex. 7). Plaintiff defaulted on his mortgage, and in May 2009, Plaintiff was provided with a Loan Modification Agreement. (*Id.* ¶ 7, Ex. 3.) Plaintiff has not made a payment on his mortgage since August 2009. (*Id.* ¶ 12, Ex. 8.)

Plaintiff filed this action on January 7, 2012, asserting the following causes of action: (1) violations of the Federal Truth In Lending Act ("TILA"); (2) "Defective-Void Mortgage and Void Promissory Note Contracts"; (3) "Void Non Judicial Foreclosure—Defects in Foreclosure Process"; (4) Injunctive Relief; (5) Intentional Infliction of Emotional Distress; and (6) Quiet Title. (*See generally* Compl.) Plaintiff moved for a

---

[2] Defendant requests that the Court take judicial notice of true and correct copies of an October 26, 2004 mortgage recorded in the Official Records of Office of County Recorder, Carver County, Minnesota, and the Sheriff's Certificate of Foreclosure Sale dated March 1, 2013. (Doc. No. 24.) The Court grants that request.

temporary restraining order to cancel the Sheriff's Sale scheduled for January 31, 2013. (Doc. Nos. 4 & 8.) The Court denied Plaintiffs Motion for a Temporary Restraining Order and Motion to Cancel Sheriff's Sale. (Doc. No. 17.) The Sheriff's Sale ultimately took place on March 1, 2013. (Doc. No. 24, Ex. 1.) Wells Fargo now moves to dismiss. (Doc. No. 19.)

## DISCUSSION

In deciding a motion to dismiss pursuant to Rule 12(b)(6), a court assumes all facts in the complaint to be true and construes all reasonable inferences from those facts in the light most favorable to the complainant. *Morton v. Becker*, 793 F.2d 185, 187 (8th Cir. 1986). In doing so, however, a court need not accept as true wholly conclusory allegations, *Hanten v. Sch. Dist. of Riverview Gardens*, 183 F.3d 799, 805 (8th Cir. 1999), or legal conclusions drawn by the pleader from the facts alleged. *Westcott*, 901 F.2d at 1488. A court may consider the complaint, matters of public record, orders, materials embraced by the complaint, and exhibits attached to the complaint in deciding a motion to dismiss under Rule 12(b)(6). *Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999).

To survive a motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007). Although a complaint need not contain "detailed factual allegations," it must contain facts with enough specificity "to raise a right to relief above the speculative level." *Id*. at 555. As the United States Supreme Court recently reiterated, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements,"

3

will not pass muster under *Twombly*. *Ashcroft v. Iqbal*, 550 U.S. 544, 678 (2009) (citing *Twombly*, 550 U.S. at 555). In sum, this standard "calls for enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of [the claim]." *Twombly*, 550 U.S. at 556.

At the heart of Plaintiff's claims against Defendant is the allegation that Defendant does not have valid title to the original notes and therefore cannot legally foreclose on Plaintiff's mortgage. To the extent Plaintiffs rely on the assertion that Defendant does not possess the promissory note secured by Plaintiff's mortgage and thus cannot foreclose on that mortgage, the Minnesota Supreme Court, the Eighth Circuit Court of Appeals, this Court, and other courts in this district have already considered and rejected the argument. *See Jackson v. Mortg. Elec. Registration Sys., Inc.*, 770 N.W.2d 487, 500-01 (Minn. 2009) (holding that a mortgagee with legal title is not required to have any interest in the promissory note to foreclose by advertisement); *Stein v. Chase Home Fin., LLC*, 662 F.3d 976, 980 (8th Cir. 2011) ("[T]he right to enforce a mortgage through foreclosure by advertisement lies with the legal, rather than equitable, holder of the mortgage."); *Butler v. Bank of Am.*, Civil No. 11-461, 2011 WL 2728321, at *6 (D. Minn. July 13, 2011); *Welk v. GMAC Mortg., LLC*, Civil No. 11-2676, 2012 WL 1035433, at *6 (D. Minn. Mar. 29, 2012); *Jerde v. JPMorgan Chase Bank, N.A.*, Civil No. 11-2666, 2012 WL 206271, at *3 (D. Minn. Jan. 24, 2012); *Murphy v. Aurora Loan Servs., LLC*, Civil No. 11-2750, 2012 WL 104543, at *3 (D. Minn. Jan. 12, 2012); *Kraus v. CitiMortgage, Inc.*, Civil No. 11-3213, 2012 WL 1581113, at *3 (D. Minn. May 4, 2012); *Vang v. PNC Mortg., Inc.*, Civil No. 11-3741, 2012 WL 2005398, at *3 (D. Minn. June 5,

2012); *Johnson v. Deutsche Bank Nat'l Trust Co.,* Civil No. 12-445, 2012 WL 2119258, at *2–3 (D. Minn. June 11, 2012); *Adorno v. Citi Mortg., Inc.,* 2012 WL 2395322, at *4 (D. Minn. June 25, 2012); *Mustafa v. Bank of Am., N.A.,* Civil No. 12-590, 2012 WL 3612083, at *3 (D. Minn. Aug. 21, 2012).

As previously explained in the above cases, it does not matter whether Defendant can establish that it holds the promissory note. Moreover, to the extent Plaintiff argues that the chain of title to his mortgage is somehow defective because the relevant assignment and foreclosure documents were not executed by an authorized person, such claims have also been rejected. *See, e.g., Karnatcheva v. JPMorgan Chase Bank, N.A.*, Civil No. 11-3452, 2012 WL 1657531, at *5 (D. Minn. May 11, 2012).

Additionally, Plaintiff has not provided any factual support for his claims. Under Rule 8, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While the Rule 8 pleading standard does not require "detailed factual allegations," it does demand "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A complaint will not suffice if it "tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id*. (quoting *Twombly*, 550 U.S. at 557). Plaintiff asserts a number of allegations in his Declaration in support of the Complaint. (*See generally*, Doc. No. 3, Hilger Decl.) Upon review, however, Plaintiff's Declaration asserts "mere conclusory statements" that are "devoid of further factual enhancement." In addition, Plaintiff submits a "Forensic Loan Audit." (Doc. No. 28.) This audit is submitted without any foundation and the Court, therefore, does not consider it. Further, Plaintiff's allegation

5

that he was not provided the required disclosures at the time the loan was originated is directly contradicted by the disclosure forms he signed at the time of the loan's origination. (Boss. Decl. ¶¶ 9-12, Exs. 5-8.)

Further, the Court notes that Plaintiff is time-barred from bringing his TILA claim. TILA imposes a three-year statute of repose on claims for rescission. *See* 15 U.S.C. § 1635(f). The consummation of Plaintiff's loan occurred in October of 2004. Plaintiff filed his Complaint in this suit on January 7, 2013, well past the three-year rescission time restriction.

Because it is apparent to the Court that there is no basis for any asserted claim against Defendant, and the Plaintiff is time-barred from bringing his TILA claim, the Court grants Defendant's motion to dismiss.[3]

## CONCLUSION

Based on the foregoing, **IT IS ORDERED** that:

1. Defendant's Motion to Dismiss (Doc. No. [19]) is **GRANTED**.

2. Plaintiff's Complaint (Doc. No. [1]) is **DISMISSED WITH PREJUDICE**.

---

[3] Plaintiff has also filed a Motion for Leave to Amend Complaint. (Doc. No. 31.) While not technically before the Court, the Court has reviewed the proposed Amended Complaint, and notes that it would not survive a motion to dismiss. The Court therefore denies that motion as moot.

3. Plaintiff's Motion for Leave to Amend Complaint (Doc. No. [31]) is

**DENIED AS MOOT**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: August 5, 2013				s/Donovan W. Frank
						DONOVAN W. FRANK
						United States District Judge